UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

CASE NO. 5-19-CR-64-OC-Z7PRL

-versus-

DAVID ISAGBA
JOYCE ISAGBA

---

## DEFENDANT DAVID ISAGBA MOTION TO DISMISS
## SUPERCEDING INDICTMENT
---

DAVID ISAGBA, Defendant, Pro se
c/o: 1002 Apalachee Run Trail
Dacula, Georgia 30019
Phone: (770) 797-6761
Email: dereck_11212@yahoo.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. ii - iii

PRELIMINARY STATEMENT ....................................................................... 1 - 2

STATEMENT OF THE CASE .......................................................................... 2 - 3

ARGUMENT ..................................................................................................... 3 - 11

FACTUAL DEFENSES .................................................................................... 12 - 13

CONCLUSION .................................................................................................. 13 - 14

RELIEF REQUESTED ...................................................................................... 14

# TABLE OF AUTHORITIES

Pages(s)

**Federal Rules**

Fed. Rule of Crim. Proc. 12(b), et seq. ................................................................. 1, 3, 11

**Statutes**

18 U.S.C. §286 ............................................................................................................. 2

18 U.S.C. §1341 ........................................................................................................... 2

18 U.S.C. §1342 ........................................................................................................... 2

5 U.S.C. §551, et seq. ................................................................................................. 10

44 U.S.C. §1501, et seq. ............................................................................................. 10

48 U.S.C. §874 ........................................................................................................... 11

48 U.S.C. §1406f ........................................................................................................ 11

**Regulations**

28 C.F.R. §0.5 .............................................................................................................. 6

28 C.F.R. §0.55 ......................................................................................................... 6-9

28 C.F.R. §0.64-1 ........................................................................................................ 9

**Court Cases**

*Arizona Grocery Co. v. Atchison, T. & S.F. Ry. Co.,*
   284 U.S. 370, 52 S.Ct. 183 (1932) ......................................................................... 12

*Cox v. Louisiana,*
   379 U.S. 559, 85 S.Ct. 476 (1965) ......................................................................... 12

*Hooven & Allison Co. v. Evatt,*
   324 U.S. 652 (1945) ................................................................................................. 3

*Hotch v. U.S.,*
   212 F.2d. 280, (1954), 14 Alaska 594. .................................................................. 10

*Moser v. United States,*
    341 U.S. 41, 71 S.Ct. 553 (1951) ............................................................................. 12

*Raley v. Ohio,*
    360 U.S. 423, 79 S.Ct. 1257 (1959) ......................................................................... 12

*United States v. Laub,*
    385 U.S. 475, 487, 87 S.Ct. 574 (1967) ................................................................... 12

**Other Authorities**

Articles of Confederation ................................................................................................. 4

United States Constitution ........................................................................................... 4-5

NOW COMES, David Isagba, Defendant, *pro se*, seeking dismissal of the Superceding Indictment, pursuant to Federal Rules of Criminal Procedure (F.R.Cr.P.) 12(b)(1), (2), (3), (4), & (6), in the above captioned matter.

## PRELIMINARY STATEMENT

The fundamental basis for this Motion is simple. However, like most things that appear simple on the surface, they have a deeper significance upon inspection.

The unique structure of this country does not lend itself to many parallels when compared to other nation-states around the world. This country, as it exists today, developed through various stages, among these are: the establishment of the thirteen colonies, the separation of these colonies under the Articles of Confederation, The Northwest Ordinances, and the establishment of the United States under the Constitution. This expansion of the United States of America through various acquisitions, annexations, and treaties, continued with the eventual process that some of these lands became States, possessions, territories, and commonwealths.

These various classifications of lands, being either a part of, or belonging to this country, have different and specifically defined relationships to the federal government, which are clearly defined in law.

Essentially, the States of the Union have a different relationship with and to the federal government than, say Puerto Rico, and therefore the laws which would apply to one would not necessarily apply to the other.

When these various capacities, based on the different relationships to the federal government, are legally determined, those capacities are called jurisdictions.

1

When governmental entities function under different legal capacities, based on different relationships, the law must determine the procedure for how the various governmental departments, branches, and agencies will function when acting in those various capacities.

A necessary aspect of achieving this function is through delegation of government power according to the structure delineated by the Constitution.

This context provides the basis of Defendant's Motion to Dismiss in this matter. It is my understanding, based on my good faith understanding and research into the applicable laws and legal precedents, that the Plaintiff, as stated in the caption of this case, does not have jurisdiction over the subject matter which is complained of in the superceding indictment and otherwise lacks the necessary delegated authority based on the factual setting which exists in this matter.

Also, it is my position that this action is, arbitrary, selective, and gratuitous, as Defendant has already repaid the government and made restitution of any and all proceeds and property alleged to have been illegally acquired by Defendant, with respect to the subject matter of this complaint.

## STATEMENT OF THE CASE

The Superceding Indictment, in question, basically alleges that Defendant knowingly defrauded the Internal Revenue Service ("IRS"), during a period of over ten years, by filing IRS Forms 1041 and 990-T, under false pretenses, while living in Florida.

The actual statutes under which Defendant was charged are 18 U.S.C. 286, 1341, & 1342.

Also, it is noteworthy that the only parties named in the Superceding Indictment which could be considered Plaintiff's are the IRS and the United States, whereas, since the subject matter of this case involves the filing of tax forms, the IRS could be the only party with firsthand knowledge of any facts contained in said indictment.

With this foundation, I will proceed to show why the Indictment, in question, should be dismissed pursuant to the criteria of Rule 12(b) of F.R.Cr.P.

## ARGUMENT

As stated previously, based on the unique structure and formation of this country, namely the relationship between the States of the Union and the Federal Government, the usage of various terminology which depict or can depict the parties to the Constitution and other entities have to be clearly defined in law in order to determine the right, duties, powers, and procedure which may or can apply to any particular factual setting.

I previously used the term Jurisdiction to encapsulate these variables.

As a way of background, let me provide certain examples which will help illustrate the point. The Supreme Court has stated the various ways that the term United States can be used. In the case of **Hooven & Allison Co. v. Evatt**, 324 U.S. 652 (1945), the court stated:

" *The term 'United States' may be used in any one of several senses. It may be merely the name of a sovereign occupying the position analogous to that of other sovereigns in the family of nations. It may designate the territory over which the sovereignty of the United States ex- [324 U.S. 652, 672] tends, or it may be the collective name of the states which are united by and under the Constitution.*"

3

Of course the use of one term, "United States", which can refer to different things, can be the source of confusion, however I think for the purposes applicable here, we must include the term, United States of America, since this is the entity named as Plaintiff in this matter.

Although, as clearly stated in *Hooven*, supra, the term United States can be used in three different senses, the term United States of America cannot. In order to understand the significance of the term United States of America, we would have to consult some of the founding documents with respect to the creation of this country.

Upon the separation of the 13 colonies from England, the states comprised thereof were organized under the Articles of Confederation. In relevant part, for the purposes herein, it states:

**Article I.**
The Stile of this confederacy shall be "The United States of America."
**Article II.**
Each state retains its sovereignty, freedom, and independence, and every Power, Jurisdiction and right, which is not by this confederation expressly delegated to the United States, in Congress assembled.

This "United States, in Congress assembled" is what we know today as the Federal Government. It is also the entity which created the Northwest Ordinances.

Ultimately, the U.S. Constitution that is in place today, was established. In the Preamble thereto, it reads; "***We the People of the United States, in Order to form a more perfect Union, establish Justice, ensure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America.***"

Accordingly, the "People" of the United States, being referred to in the Preamble were the constituents of the United States, in Congress assembled, whom were establishing the Constitution for the United States of America, meaning the States of the Union.

The foregoing facts serve to clearly illustrate and lead to the logical conclusion that the term United States of America is and has always referred to the States of the Union and the term United States, in its exclusive capacity refers to the Federal Government.

Therefore, if the foregoing is true, then in what way can the Federal Government (United States), in its Constitutional capacity act in the capacity of the United States of America?

To answer this question we first must consult the Constitution itself and then proceed to the legislative enactments which provide for, and delegate those responsibilities with respect to the subject matter herein, namely, federal law.

The U.S. Constitution, in Article 1 sec. 8 cl.17 and Article 3, determine the criteria for which the United States can exercise its authority with respect to the subject matter herein.

None of these constitutional provisions give any authority to an entity called the United States of America.

This detail cannot be overlooked. The Constitution of the United States, as the Articles of Confederation before, vests authority in the governmental entity designated as the United States. Article I § 1 of the Constitution vests legislative authority in the Congress of the United States; Article II establishes the President of the United States; and Article III vests judicial authority of the United States in the supreme Court of the United States and whatever inferior courts Congress might establish. The Tenth Amendment prohibits the United States from exercising power not delegated by the Constitution.

5

When we consult the regulations promulgated under Title 28 of the federal law one begins to get some insight into this constitutional setup.

28 CFR § 0.5, states: Attorney General.

The Attorney General shall:

(a) Supervise and direct the administration and operation of the Department of Justice, including the offices of U.S. Attorneys and U.S. Marshals, which are within the Department of Justice.

(b) Represent the United States in legal matters generally.

(c) Furnish advice and opinions, formal and informal, on legal matters to the President and the Cabinet and to the heads of the executive departments and agencies of the Government, as provided by law.

(d) Appear in person to represent the Government in the Supreme Court of the United States, or in any other court, in which he may deem it appropriate.

(e) Designate, pursuant to Executive Orders 9788 of October 4, 1946, and 10254 of June 15, 1951, officers and agencies of the Department of Justice to act as disbursing officers for the Office of Alien Property.

(f) Perform or supervise the performance of other duties required by statute or Executive order.

At, 28 CFR § 0.55 General functions. It states:

The following functions are assigned to and shall be conducted, handled, or supervised by, the Assistant Attorney General, Criminal Division:

(a) Prosecutions for Federal crimes not otherwise specifically assigned.

(b) Cases involving criminal frauds against the United States except cases assigned to the Antitrust Division by § 0.40(a) involving conspiracy to defraud the Federal Government by violation of the antitrust laws, and tax fraud cases assigned to the Tax Division by subpart N of this part.

(c) All criminal and civil litigation under the Controlled Substances Act, 84 Stat. 1242, and the Controlled Substances Import and Export Act, 84 Stat. 1285 (titles II and III of the

Comprehensive Drug Abuse Prevention and Control Act of 1970).

(d) Civil or criminal forfeiture or civil penalty actions (including petitions for remission or mitigation of forfeitures and civil penalties, offers in compromise, and related proceedings) under the Federal Aviation Act of 1958, the Contraband Transportation Act, the Copyrights Act, the customs laws (except those assigned to the Civil Division which involve sections 592, 704(i)(2) or 734(i)(2) of the Tariff Act of 1930), the Export Control Act of 1949, the Federal Alcohol Administration Act, the Federal Seed Act, the Gold Reserve Act of 1934, the Hours of Service Act, the Animal Welfare Act, the Immigration and Nationality Act (except civil penalty actions and petitions and offers related thereto), the neutrality laws, laws relating to cigarettes, liquor, narcotics and dangerous drugs, other controlled substances, gambling, war materials, pre-Colombian artifacts, coinage, and firearms, locomotive inspection (45 U.S.C. 22, 23, 28-34), the Organized Crime Control Act of 1970, prison-made goods (18 U.S.C. 1761-1762), the Safety Appliance Act, standard barrels (15 U.S.C. 231-242), the Sugar Act of 1948, and the Twenty-Eight Hour Law.

(e) Subject to the provisions of subpart Y of this part, consideration, acceptance, or rejection of offers in compromise of criminal and tax liability under the laws relating to liquor, narcotics and dangerous drugs, gambling, and firearms, in cases in which the criminal liability remains unresolved.

(f) All criminal litigation and related investigations and inquiries pursuant to all the power and authority of the Attorney General to enforce the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens; all advice to the Attorney General with respect to the exercise of his parole authority under 8 U.S.C. 1182(d)(5) concerning aliens who are excludable under 8 U.S.C. 1182(a)(23), (28), (29), or (33); and all civil litigation with respect to the individuals identified in 8 U.S.C. 1182(a)(33), 1251(a)(19).

(g) Coordination of enforcement activities directed against organized crime and racketeering.

(h) Enforcement of the Act of January 2, 1951, 64 Stat. 1134, as amended by the Gambling Devices Act of 1962, 76 Stat. 1075, 15 U.S.C. 1171 et seq., including registration thereunder. (See also 28 CFR 3.2)

(i) All civil proceedings seeking exclusively equitable relief against Criminal Division activities including criminal investigations, prosecutions, and other criminal justice activities (including without limitation, applications for writs of coram nobis and writs of habeas corpus not challenging exclusion, deportation, or detention under the immigration laws), except that any proceeding may be conducted, handled, or supervised by the Assistant Attorney General for National Security or another Division by agreement between the head of such Division and the Assistant Attorney General, Criminal Division.

(j) International extradition proceedings.

(k) Relation of military to civil authority with respect to criminal matters affecting both.

(l) All criminal matters arising under the Labor-Management Reporting and Disclosure Act of 1959 (73 Stat. 519).

(m) Enforcement of the following-described provisions of the United States Code -

(1) Sections 591 through 593 and sections 595 through 612 of title 18, U.S. Code, relating to elections and political activities;

(2) Sections 241, 242, and 594 of title 18, and sections 1973i and 1973j of title 42, U.S. Code, insofar as they relate to voting and election matters not involving discrimination or intimidation on grounds of race or color, and section 245(b)(1) of title 18 U.S. Code, insofar as it relates to matters not involving discrimination or intimidation on grounds of race, color, religion, or national origin;

(3) Section 245(b)(3) of title 18, U.S. Code, pertaining to forcible interference with persons engaged in business during a riot or civil disorder; and

(4) Sections 241 through 256 of title 2, U.S. Code (Federal Corrupt Practices Act). (See § 0.50(a).)

(n) Civil actions arising under 39 U.S.C. 3010, 3011 (Postal Reorganization Act).

(o) Resolving questions that arise as to Federal prisoners held in custody by Federal officers or in Federal prisons, commitments of mentally defective defendants and juvenile delinquents, validity and construction of sentences, probation, and parole.

(p) Supervision of matters arising under the Escape and Rescue Act (18 U.S.C. 751, 752), the Fugitive Felon Act (18 U.S.C. 1072, 1073), and the Obstruction of Justice Statute (18 U.S.C. 1503).

(q) Supervision of matters arising under the Bail Reform Act of 1966 (28 U.S.C. 3041-3143, 3146-3152, 3568).

(r) Supervision of matters arising under the Narcotic Addict Rehabilitation Act of 1966 (18 U.S.C. 4251-4255; 28 U.S.C. 2901-2906; 42 U.S.C. 3411-3426, 3441, 3442).

(s) Civil proceedings in which the United States is the plaintiff filed under the Organized Crime Control Act of 1970, 18 U.S.C. 1963-1968.

(t) Upon request, certifications under 18 U.S.C. 245.

(u) Exercise of the authority vested in the Attorney General under 10 U.S.C. 374(b)(2)(E) to approve the use of military equipment by Department of Defense personnel to provide transportation and base of operations support in connection with a civilian law enforcement operation.

(v) Upon request, certification under 18 U.S.C. 249, relating to hate crimes, in cases involving extraterritorial crimes that also involve charges filed pursuant to the Military Extraterritorial Jurisdiction Act (18 U.S.C. 3261 et seq.), or pursuant to chapters of the Criminal Code prohibiting genocide (18 U.S.C. 1091), torture (18 U.S.C. 2340A), war crimes (18 U.S.C. 2441), or recruitment or use of child soldiers (18 U.S.C. 2442).

At, 28 CFR § 0.64-1 Central or Competent Authority under treaties and executive agreements on mutual assistance in criminal matters. It states:

The Assistant Attorney General, Criminal Division, in consultation with the Assistant Attorney General for National Security in matters related to the National Security Division's activities, shall have the authority and perform the functions of the "Central Authority" or "Competent Authority" (or like designation) under treaties and executive agreements between the United States of America and other countries on mutual assistance in criminal matters that designate the Attorney General or the Department of Justice as such authority.

The Assistant Attorney General, Criminal Division, is authorized to re-delegate this authority to the Deputy Assistant Attorneys General, Criminal Division, and to the Director, Deputy Directors, and Associate Directors of the Office of International Affairs, Criminal Division. [Order No. 2865-2007, 72 FR 10065, Mar. 7, 2007, as amended by AG Order 3847-2017, 82 FR 10547, Feb. 14, 2017]

Here we see that the Assistant Attorney General has been given the authority to prosecute frauds against the United States. The only reference to the United States of America, the plaintiff herein, is with respect to "other countries" and can re-delegate such authority with respect to International Affairs.

The above delegations of authority to the Assistant Attorney General over the Criminal Division of the Department of Justice do, in Part 0.55, establish his capacity in relation to offenses against the United States; Part 0.64-1 establishes his capacity as agent for the United States of America. They are clear and distinct capacities. Therefore, the United States of America is a government or political compact established under treaties and executive agreements which is outside of the 50 states of the Union.

Additionally, The Administrative Procedure Act, § 551 et seq., of Title 5, and 44 U.S.C. §§ 1501 et seq. require publication, irrespective of actual notice, as a prerequisite to issuance of a regulation making certain acts criminal. (See: **Hotch v. U.S.**, 1954, 212 F.2d. 280, 14 Alaska 594.)

Based on Defendant's good faith research, I have found no regulations, which have been promulgated, for Title 18 of the United States Code. Therefore, by terms of the Federal Register Act, there can be only three applications of penalty statutes classified in Title 18 of the United States Code:

10

They can apply to, (1) agencies and officers, employees and agents of the United States, (2) territories and insular possessions of the United States, and (3) United States admiralty and maritime jurisdiction. All of the applications, or jurisdictions, are special in nature. Congress' authority to regulate government, and to define and punish piracy and other offenses on the high seas, are Article I § 8 delegated powers, but the special territorial jurisdiction falls under Article IV § 3.2 municipal authority.

Finally, the "United States of America, ss, President of the United States", is principal of interest in courts of Puerto Rico and the Virgin Islands (48 USC §§ 874 & 1406f), and probably other United States courts in the larger insular possessions, those being located in Guam and the Northern Mariana Islands. There is no statutory authority authorizing the "United States of America" as principal of interest in courts of the United States situated in the Union of several States party to the Constitution.

So other than foreign countries, perhaps the United States of America would have jurisdiction with respect to territories and insular possessions of the United States but surely not with respect to the 50 states of the Union.

The conclusion should be clear, the Plaintiff in this case, i.e. The United States of America, does not have subject matter jurisdiction with respect to the facts which pertain in the instant matter, as the superceding Indictment claims that, the actions complained of, took place in Florida, one of the States of the Union.

Therefore, this case should properly be dismissed pursuant to F.R.Cr.P. 12 (b).

11

## FACTUAL DEFENSES

As stated previously, Defendant has already made restitution and disgorgement of any and all funds and property allegedly obtained through wrongful means.

This fact should be held in mind as the following defenses are delineated.

Since the Superceding Indictment is alleging that the actions complained of took place over a ten year period, it would be paramount for the Indictment in question to show what information was finally obtained which alerted complainant to the alleged fraud in order to satisfy the statutory elements of the case.

Without this "smoking gun" the Indictment in question would be subject to attack, based on mistake, error, or reliance of Defendant upon the government/IRS representations.

For example, when one files a tax return if there is any information lacking, which would be necessary to support the claim and/or information contained on said tax form, the governmental entity would be the final arbiter and authority with respect to such filing.

However, the governmental entity, in this case the I.R.S., accepts said information, which on its face is accurate, the filer would be in a position to rely on the government representation that said filing meet the legal criteria supported by the governmental acceptance.

There is numerous case law which supports this concept.[1]

12

---

[1] In Arizona Grocery Co. v. Atchison, T. & S.F. Ry. Co., 284 U.S. 370, 52 S.Ct. 183 (1932), it was held that a party could rely upon the representations made by a government agency, and in Moser v. United States, 341 U.S. 41, 71 S.Ct. 553 (1951), the Court held that such reliance could constitute a defense to actions taken by the government. These decisions are buttressed by others such as Raley v. Ohio, 360 U.S. 423, 79 S.Ct. 1257 (1959), Cox v. Louisiana, 379 U.S. 559, 85 S.Ct. 476 (1965), United States v. Laub, 385 U.S. 475, 487, 87 S.Ct. 574 (1967)

The foregoing factual setting would also lend itself to the legal concept of entrapment. Where the government, based on the same set of facts that it accepted for ten years, would then turn around and claim that it had been defrauded, when it could have just as easily have denied the initial claim. When, however, the initial denial could not be used as a pretext to claim that a massive crime had been committed against the government.

The government cannot create a crime through its failure to exercise due diligence. There is nothing contained in the Superceding Indictment which claims or shows that the government became aware of this alleged fraud through means outside of what could have been known through the exercise of its' normal due diligence.[2]

Therefore, the factual allegations contained in the Superceding Indictment are subject to the legal defenses of Reliance on Government Representation and Entrapment.

Lastly, any claim of waiver, by Defendant, advanced by the plaintiff, to the jurisdictional challenges raised herein, based on Defendant's execution of any Bond, Agreement, and/or Contract, in relation to this matter, are hereby denied, due to threat, duress, coercion, and undue influence based on the situation and circumstances of Defendant's apprehension and arrest.

## CONCLUSION

The term United States of America, as contained in the caption of this case, is only applicable to the Federal Government when it is acting in its' constitutional capacity internationally, with foreign governments, and with respect to possessions, territories, and insular possessions of the United States.

13

---

[2] Also note that the original Indictment in this matter was amended to remove the allegation that the Trusts in question did not actually exist.

The United States of America has been given no delegated authority to prosecute crimes under federal law which occur within the 50 states of the Union.

Considering the fact that Defendant has already made restitution and disgorgement of any and all proceeds and/or property related to the actions complained of in the Superceding Indictment, makes this action gratuitous and arbitrary.

## RELIEF REQUESTED

Based on the foregoing, Defendant, David Isagba, hereby respectfully requests this court to grant Defendant's Motion to Dismiss the Superceding Indictment, with prejudice, as a matter of law and fact, in the interest of justice.

Defendant further prays that the court grant all other and further relief in law or in equity to which I may be entitled.

The foregoing is true and correct, to the best of my knowledge and understanding, under the laws of the United States of America.

Respectfully submitted,

David Isagba, Defendant, *pro se*
1002 Apalachee Run Trail
Dacula, Georgia 30019