AF Approval

 Chief Approval

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 5:19-cr-64-JA-PRL

DAVID O. ISAGBA

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, David O. Isagba, and the attorney for the defendant,

Charles Taylor, Esquire, mutually agree as follows:

**A.    Particularized Terms**

1.    Counts Pleading To

The defendant shall enter a plea of guilty to Counts Six and

Seven of the Superseding Indictment.  Count Six charges the defendant with

mail fraud in violation of 18 U.S.C. § 1341.  Count Seven charges the

defendant with conspiracy to defraud the government with respect to claims in

violation of 18 U.S.C. § 286.

2.    Maximum Penalties

Count Six carries a maximum penalty of 20 years of

imprisonment; a fine of not more than $250,000 or twice the gross gain or

Defendant's Initials _____

gross loss caused by the offense, whichever is greater; a term of supervised release of not more than 3 years; and a special assessment of $100.  Count Seven carries a maximum sentence of 10 years of imprisonment; a fine of not more than $250,000 or twice the gross gain or gross loss caused by the offense, whichever is greater; a term of supervised release of not more than 3 years; and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

    3.    Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count Six are:

| | |
|---|---|
| First: | The Defendant knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises; |
| Second: | The false or fraudulent pretenses, representations, or promises were about a material fact; |
| Third: | The Defendant intended to defraud someone; and, |

Defendant's Initials _____        2

Fourth:    The Defendant used the United States Postal
           Service by mailing or by causing to be mailed
           something meant to help carry out the scheme to
           defraud.

The elements of Count Seven are:

First:     Two or more people in some way agreed to try to
           accomplish a shared and unlawful plan;

Second:    The Defendant knew the unlawful purpose of the
           plan and willfully joined in it; and,

Third:     The plan was to defraud the Government by
           obtaining the payment or allowance of a claim
           based on a false or fraudulent material fact.

4.    Counts Dismissed

At the time of sentencing, the remaining counts against the

defendant, Counts One through Five, will be dismissed pursuant to Fed. R.

Crim. P. 11(c)(I)(A).

5.    No Further Charges

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge

defendant with committing any other federal criminal offenses known to the

United States Attorney's Office at the time of the execution of this agreement,

related to the conduct giving rise to this plea agreement.

Defendant's Initials                    3

6.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution in the amount of $2,654,617.65 to the U.S. Department of the Treasury. This amount reflects the portion of the proceeds obtained by the conspirators during the conspiracy that has not yet been recovered.

7.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and if no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the

Defendant's Initials _____          4

defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.  The assets to be forfeited include, but are not limited to, the following: 2014 Cadillac Escalade with VIN number 1GYS4KEF5ER170177; 2019 Cadillac Escalade with VIN number 1GYS4KKJ4KR339366; and a forfeiture money judgment in the amount of $5,815,723.65.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea

Defendant's Initials ,  ⸜G̣                    5

Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their

Defendant's Initials _____                6

connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

       9.    Removal - Notification

The defendant has been advised and understands that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, the offense to which defendant is pleading guilty may be a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that may result from the defendant's guilty plea, even if the consequence is the defendant's automatic

Defendant's Initials _____      8

removal from the United States following completion of the defendant's
sentence.

**B.**     **Standard Terms and Conditions**

    1.     Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition
to or in lieu of any other penalty, shall order the defendant to make restitution
to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses
described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant
to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §
3663, including restitution as to all counts charged, whether or not the
defendant enters a plea of guilty to such counts, and whether or not such
counts are dismissed pursuant to this agreement.  The defendant further
understands that compliance with any restitution payment plan imposed by
the Court in no way precludes the United States from simultaneously pursuing
other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),
including, but not limited to, garnishment and execution, pursuant to the
Mandatory Victims Restitution Act, in order to ensure that the defendant's
restitution obligation is satisfied.

        On each count to which a plea of guilty is entered, the Court shall
impose a special assessment pursuant to 18 U.S.C. § 3013.  The special

Defendant's Initials _____          9

assessment is due on the date of sentencing. The defendant understands that
this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense to which the
defendant is pleading provides for imposition of a term of supervised release
upon release from imprisonment, and that, if the defendant should violate the
conditions of release, the defendant would be subject to a further term of
imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon
conviction, a defendant who is not a United States citizen may be removed
from the United States, denied citizenship, and denied admission to the
United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the
Court and the United States Probation Office all information concerning the
background, character, and conduct of the defendant, to provide relevant
factual information, including the totality of the defendant's criminal activities,
if any, not limited to the count to which defendant pleads, to respond to
comments made by the defendant or defendant's counsel, and to correct any

Defendant's Initials _ __              10

misstatements or inaccuracies.  The United States further reserves its right to

make any recommendations it deems appropriate regarding the disposition of

this case, subject to any limitations set forth herein, if any.

    5.    Financial Disclosures

        Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.

32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

States Attorney's Office within 30 days of execution of this agreement an

affidavit reflecting the defendant's financial condition.  The defendant

promises that his financial statement and disclosures will be complete,

accurate and truthful and will include all assets in which he has any interest or

over which the defendant exercises control, directly or indirectly, including

those held by a spouse, dependent, nominee or other third party.  The

defendant further agrees to execute any documents requested by the United

States needed to obtain from any third parties any records of assets owned by

the defendant, directly or through a nominee, and, by the execution of this

Plea Agreement, consents to the release of the defendant's tax returns for the

previous five years.  The defendant similarly agrees and authorizes the United

States Attorney's Office to provide to, and obtain from, the United States

Probation Office, the financial affidavit, any of the defendant's federal, state,

and local tax returns, bank records and any other financial information

Defendant's Initials _____        11

concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make



Defendant's Initials _____      12

with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    _Defendant's Waiver of Right to Appeal the Sentence_

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    _Middle District of Florida Agreement_

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this

Defendant's Initials _____                13

office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront



Defendant's Initials _____          14

and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _____      15

12.  Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.  Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 13th day of ~~February~~ March, 2022.

ROGER B. HANDBERG
United States Attorney


David O. Isanba
Defendant


Charles Taylor, Esquire
Attorney for Defendant


William S. Hamilton
Assistant United States Attorney


Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division


Defendant's Initials

16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 5:19-cr-64-JA-PRL

DAVID O. ISAGBA

PERSONALIZATION OF ELEMENTS

## COUNT SIX

1. Do you admit that, while in the Middle District of Florida, you devised and participated in a scheme to defraud the U.S. Department of the Treasury to obtain money and property, using false and fraudulent pretenses, representations, or promises?

2. Do you admit that the false and fraudulent pretenses, representations, or promises were about a material fact, namely whether the entity "TETRAGRAMMATON" had paid federal taxes and was entitled to a refund of $2,508,347?

3. Do you admit that you intended to defraud the U.S. Department of the Treasury?

Defendant's Initials _____              17

4. Do you admit that, on or about May 6, 2019, you used the U.S. Postal Service by mailing something, namely an IRS Form 1041, which was meant to help carry out the scheme to defraud?

### COUNT SEVEN

1. Do you admit that, within the Middle District of Florida and between June 8, 2009 and September 25, 2019, you agreed to try to accomplish a shared and unlawful plan with at least one other person, including Joyce O. Isagba?

2. Do you admit that you knew the unlawful purpose of the plan and that you willfully joined in the plan?

3. Do you admit that the plan was to defraud the Government by obtaining payment or allowance of claims based on false or fraudulent material facts, namely by falsely claiming refunds on behalf of trusts for tax payments which were never made?

Defendant's Initials           18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 5:19-cr-64-JA-PRL

DAVID O. ISAGBA

## FACTUAL BASIS

David Isagba and Joyce Isagba submitted false IRS 1041 and 990-T forms seeking, and sometimes obtaining, large tax refunds from the government on behalf of various trust entities. In each case, the trust entities were fictitious, and the items of income and deduction were completely false.

The Isagbas conspired together to file 227 false claims. In each case, the relevant portion of the form is marked "self-prepared." The Isagbas then used the U.S. Postal Service to mail these forms to IRS service centers in Cincinnati, Ohio or Ogden, Utah.

Across these 227 fraudulent returns, the Isagbas sought a grand total of $2,947,421,304.00 in tax refunds on behalf of trusts that do not exist and were not entitled to tax refunds. The IRS properly rejected most of these returns, but nine went through. The returns are described on the table below:



Defendant's Initials _____                    19

| Item | Entity | Tax Year | Refund Amount | Date Filed |
|------|--------|----------|---------------|------------|
| 1 | Eneziakpezi | 2008 | $462,557.62 | 06/12/2009 |
| 2 | David Isagba Tr. | 2011 | $493,225.65 | 03/12/2012 |
| 3 | MOEO | 2012 | $499,535.52 | 11/04/2013 |
| 4 | MOEO Trust II | 2013 | $459,113.00 | 11/18/2014 |
| 5 | Tetragrammaton | 2013 | $98,999.49 | 05/16/2016 |
| 6 | Yetzirah | 2014 | $572,112.00 | 10/25/2016 |
| 7 | Tetragrammaton | 2015 | $1,732,621.37 | 05/28/2019 |
| 8 | Siphiroth | 2017 | $643,446.00 | 05/28/2019 |
| 9 | Tetragrammaton | 2016 | $854,113.00 | 05/28/2019 |
| | | | **$5,815,723.65** | |

The Isagbas prepared and mailed out the forms for each of the claims described in the table above. For each of these accepted fraudulent returns, the IRS generated a refund check in the amount listed in the table under "refund issued" and mailed it to the Isagbas at their residences in Leesburg and Titusville, or to post office boxes in Leesburg or Hallandale. The residences and the Leesburg post office box is within the Middle District of Florida, while the Hallandale post office box is within the Southern District of Florida. The Isagbas then deposited the funds into several bank accounts. Each of these bank accounts had either David or Joyce Isagba as the sole signatory.

In total, the Isagbas submitted 227 false IRS forms, which resulted in the IRS issuing a total of nine refund checks. In total, the Isagbas received

Defendant's Initials                     20

$5,815,723.56 in fraudulent returns during the scheme.  The Isagbas mostly spent the proceeds on luxury cars (including the two Cadillac Escalades referenced in the forfeiture section), a residence in Leesburg, Florida, and to fund their lifestyle.  For example, on September 17, 2009, Joyce issued a check for $257,600 from her bank account containing money illegally obtained from the IRS during the conspiracy.  The check was used for the purchase of the Leesburg home referenced above.  The home was purchased in the name of "Moeo An Irrevocable Pure Trust Organization by David Isagba."  David and Joyce's names are listed on the purchase agreement as the buyers.

During the scheme, the Isagbas received numerous notices from the IRS that their claims were frivolous and without basis in law, and that they were subject to a frivolous submission penalty of $5,000 if they continued to file them.  These notices were sent with each denied claim, but the Isagbas refused to accept service of most of them.  However, at least two of the notices made it through and were delivered to the Isagbas as early as 2013.

Defendant's Initials                    21